Duncan, J.
Heard on demurrer to petition-.
Tlie plaintiff is a tax-payer of the village of Perrysburg, which has no -solicitor, and brings this suit in his own name in behalf of said village to enjoin the board of commissioners of this county from deepening, widening, enlarging and sewering Third street ditch of said village, or from expending any money thereon or levying any assessment to raise the means to pay the cost and expenses thereof.
*49 The plaintiff complains that the council of said village on August 15, 1905, passed a resolution authorizing and directing the mayor to present a petition to the board of county commissioners praying them to locate, construct, clean out, enlarge and deepen a ditch along a certain route, designated therein as Third street ditch, and that in pursuance of said resolution, said mayor petitioned said board for said ditch and said board granted the prayer of said petition, and authorized and directed the county surveyor to prepare plans, profile, specifications and estimates therefor; that about 2,574 feet of said ditch is to be sewered with large and costly sewer tile, and that the cost of said improvement will reach the sum of about $5,100; that the drainage of said Third street as prayed for in said mayor’s petition and as proposed in the plans and specifications of said surveyor is not a part of, or in accordance with, the sewer and storm water system theretofore adopted by said council, nor can such plan be made a part of said system, and that the same is unnecessary,' improvident, ineffectual and needlessly expensive, and gives his reasons why; that said board is about to let the contract for the construction of said improvement in accordance with said plans and had advertised for bids for the furnishing of the necessary labor and materials to be opened at 12 o’clock noon, of April 5, 1906, but a' temporary injunction allowed herein, prevented.
Plaintiff says that said council had no Avarrant or authority in laAv to pass said resolution of August 15, 1905, authorizing and directing said mayor to present said petition to the board of county commissioners; said mayor had no warrant or authority under said resolution to present the same; said board of commissioners to grant the prayer thereof; to provide for the construction of said ditch; or levy assessments therefor or the treasurer to collect the same; that said council and board of commissioners assumed to act, and said commissioners still assume to act under the provisions of Sections 4483 and 4484, Revised Statutes, but that said sections are incomplete and ineffective for the folloAving reasons':
They include no provision for notice »to the village or lot *50 owners for hearing or view; for the filing of claims for damages and compensation; tire assessing of .compensation and damages by a jury; the number of couneilmen to vote for said resolution ; or assessment by .said board of commissioners.
The plaintiff claims, therefore, that said sections are wanting in the “due course of law” required by Article I, Section 16 of the Constitution; that they are wanting in the provision for a jury to assess compensation and damages required by Article I, Section 19 of the Constitution; 'and that said sections do not limit the power of taxation and assessment as required by Article XIII, Section 6 of the Constitution.
A general demurrer has been filed to this petition. This raises the question and leads us to inquire whether plaintiff’s petition contains facts sufficient to constitute a cause of action.
The preliminary question which occurs to my mind is the authority by which the plaintiff brings this suit.- The plaintiff says he is a tax-payer of said village, which has no solicitor, and he brings his suit in behalf of the village. This is not a common-law right and his right to do so must be conferred by statute. Section 1777, Revised Statutes, (1536-667) reads as follows:
“[City solicitor shall apply for injunction in certain cases.] He shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers,- or the execution or performance of any contract made in behalf "of the corporation in contravention of the laws or ordinance governing the same, or which was procured by fraud or corruption!”
Section 1778, Revised Statutes (1536-668) reads as follows:
“ [When tax-payers may institute suit.] In case he fail upon the request of any tax-payer of the corporation .to make the application’ provided for in the preceding section, it shall be lawful for such tax-payer to institute suit for such purpose in his own name, on behalf of the corporation; provided, that no such suit or proceeding shall be entertained by any court until such request shall have been made in writing. ’ ’
*51 So that from this it will be observed that the tax-payer may bring such suit as the solicitor, if any, might have brought' on his own motion in the name of the corporation. While the village in its corporate capacity might enjoin for other reasons mentioned in said Section 1777, Revised Statutes (1536-667), the solicitor, or tax-payer as the case is here, has no authority to bring injunction suit for any other reason than those mentioned in said section. The misapplication of funds complained of is the alleged misapplication of funds which belong to the county. The solicitor or tax-payer can only enjoin the'misapplication of the funds of the corporation and then only when sought to be misapplied by some corporate officer or body.
The same reasoning will also dispose of another complaint, to-wit, the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing the same, or which was procured by fraud or corruption.
The “contract” made in behalf of the “corporation” is one made by the corporation or some officer thereof for the corporation. It does not • extend to the construction of a ditch by' the board of county commissioners upon petition of the corporation. The solicitor’s jurisdiction goes to the transactions of the “corporation” and the tax-payer as such, suing in behalf of the corporation,' can go no further. The other ground of his right of interference is “the abuse of its corporate powers.” This gives the solicitor in the name of the corporation, o.r the tax-payer in his own name, in behalf of the corporation, the right .to question the authority of the council to direct the mayor to petition for a .ditch under the provisions of Sections 4483, 4484, Revised Statutes.
The first complaint made and the one most urged relates to ithe practicability, efficiency and expense of the surveyor’s plan as compared with that theretofore adopted by the council. This, indeed, furnishes no ground for injunction because the plan to be adopted, its practicability, efficiency and expense as compared .with all .others is a discretion reposed in public officers, which, when exercised in good faith, is not subject to *52 judicial control. This has been held in many cases, a few of which I cite: Karb v. State, 54 Ohio St., 383; Iron Ry. v. Ironton, 19 Ohio St., 299; Gall v. Cincinnati, 18 Ohio St., 563; Dayton v. Taylor, 62 Ohio St., 11; Pleasant Hill v. Commissioers, 71 Ohio St., 133-139.
In speaking of the independent powers of municipal officers, Judge Dillon says in his work on Municipal Corporations, Volume 1, Section 95:
“Where by its charter the municipal corporation is empowered, if it deems the public welfare or convenience requires it, to open streets or make public improvements thereon, its determination, whether wise or unwise, can not be judicially reversed or corrected. On the ground that it is the province of municipal authorities, and not of the judicial tribunals, to determine what improvements shall be made, in the streets and highways of the corporation, the court, on application of citizens, refused to compel a city to cover over an open draining canal of long standing, it ‘not appearing to be a nuisance in the legal sense of that word.’ ”
In Section 94, Judge Dillon says:
“Thus, for example, if a city has power to grade streets, the courts will not inquire into the necessity of the exercise of it, or the refusal to exercise if, nor whether a particular grade adopted, or a particular mode of executing the grade, is judicious. So if a city has power to build a market house, the courts can not inquire into the size and fitness of the building for the object intended.”
This being the law, it can not be held that the plaintiff’s notion of the plan must be adopted in preference to that of the surveyor and the board of commissioners, even though his should be the better. The court has nothing to do with it. The question whether the board of commissioners has exceeded its authority under said mayor’s petition, the plaintiff, as already explained, is not in a position to raise. It is for the abuse of the corporate powers of the municipality of which he can be heard to complain. He has nothing to do as to the abuse of the corporate powers of the board of commissioners, suing *53 as a tax-payer under authority of, and as limited by, said Section 1778, Revised Statutes (1536-668), as already explained,
It remains to discuss the applicability of said Sections 4483, 4484, Revised Statutes, to the situation presented and the authority of the board of commissioners thereunder. It may be conceded, as contended bj counsel, that the, municipal authorities have the exclusive jurisdiction over sewers and ditches lying wholy within the corporate limits, and also that their power in this behalf can not be delegated, but with the qualification, “unless expressly authorized to do so.”
The construction of sewers and ditches is in pursuance of the public health, convenience and welfare, and it is a part of the sovereign jurisdiction of the state, and it follows that the General Assembly had the right to confer this jurisdiction upon any arm of the state government. In the situation presented, it has provided that the municipal council may exercise exclusive jurisdiction, but that it may by petition waive this exdusive right and call upon the board of county commissioners, another arm of the state government, to act in the premises. Until the action of this board is thus invoked, the board of county commissioners is absolutely powerless. This situation, then, leaves to the council as a matter of choice to determine,first, whether the improvement shall be made, and if so, second, by what method — directly or through the board of county commissioners. And it may be remarked that this latter does not contemplate a delegation of power by the. council, for that power has already been conferred by the- General Assembly to be exercised by the commissioners when conditions precedent arise, for its exercise. Sections 50 to 57 new code (1536-210 to 1536-217); Sections 4483, 4484, Revised Statutes; Pleasant Hill v. Commissioners, 71 Ohio St., 133.
It is contended also that because said Sections 4483, 4484, Revised Statutes, do not provide a method of procedure for the commissioners to follow, or that said sections do not expressly adopt other sections which do, said sections are incomplete and unconstitutional, especially for the want of the provisions to *54 which attention has been called. It is a sufficient answer to the objection that there is no way provided for the giving of notice to the village of hearing and view; that any person or corporation invoking the jurisdiction of a court — and that is what this board is — can complain because the law of which he invokes jurisdiction does not provide for notice to him of everything about to be done in the proceeding which he has set in motion. Where the law does not provide for notice, it is his duty to keep in touch with his own ease. But further, said Section 4483, Revised Statutes, provides that “in such case the commissioners shall count the municipal corporation as an individual petitioner,” thus referring to the same proceedings authorized as against individual owners.
Again said Sections 4483, 4484, "Revised Statutes, are a part of the chapter devoted to county ditches conferring upon the commissioners of the county power and authority in the premises, and said Section 4483, Revised Statutes,' only provides how and in what manner this jurisdiction may be invoked. This is the theory of this legislation, the way this jurisdiction has always- been exercised and the only reasonable practical way the end could be accomplished. In the exercise of this jurisdiction so invoked, the commissioners are provided a way to give notice of their proceedings, for filing and settling of claims for damages and compensation, and levy assessments to meet the cost and expense of such improvement. Sections 4451, 4452, 4460 to 4469 inclusive; 4479 to 4481 inclusive; 4497, 4497a (repealed, 94 O. L., 144), Revised Statutes, and other sections in said chapter.
The provisions of Article XIII, Section 6 of the Constitution requiring the General Assembly to limit the power of taxation and assessment does not extend to county commissioners, but applies to cities and villages only. It reads:
“The General Assembly shall provide for the organization of cities, and incorporated villages, by general laws, and restrict their power of taxation, assessment, borrowing money, con *55 traeting debts and loaning their credit, so as to prevent the abuse of such power.”
F. E. Bowers, for plaintiff.'
J. E. Ladd, for defendants.
This disposes of all the contentions made by the plaintiff, and, holding the views thereon which I have expressed, it follows that the demurrer to his petition must be sustained.